IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01681-WYD-MEH

ISABELLE PEREZ, a Minor, by and through her Mother and Conservator,
CYNTHIA CARDENAS,

    Plaintiff,

v.

JOAN HENNEBERRY, in her individual and official capacity as the Executive Director of the COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING, and GARY H. ASHBY, individually and in his official capacity as Manager of the Benefits Coordination Section in the COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING,

    Defendants.

---

## ORDER

---

I. <u>INTRODUCTION</u>

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss Plaintiff's Claims Brought Under 42 U.S.C. § 1983 (docket #16), filed October 1, 2009. For the reasons stated below, I find that the motion to dismiss should be granted in part and denied in part.

II. <u>BACKGROUND</u>

In her Complaint for Declaratory and Injunctive Relief, Plaintiff Isabelle Perez, a minor, through her authorized legal representative, Cynthia Cardenas, asserts claims under 42 U.S.C. § 1983 against officials of the Colorado Department of Health Care Policy and Financing ("Department or Defendants") for various violations of Plaintiff's

rights under the following federal Medicaid statutes contained in the Social Security Act: 42 U.S.C. § 1396p(a)(1); § 1396p(b)(1); and § 1396p(d)(4)(A). Plaintiff also brings an alternative claim against the Defendants for its demand to receive monies from a personal injury settlement in excess of what is required under 42 U.S.C. § 1396a(a)(25)(H) and § 1396k(a)(1).

Plaintiff brings the following § 1983 claims in her Complaint: (1) violation of Medicaid anti-lien provisions pursuant to 42 U.S.C. § 1396p(a)(1) and § 1396p(b)(1) and (2) violation of the disability trust exception statute, 42 U.S.C. § 1396p(d)(4)(A).

By way of background and relevant to the pending motion before me, Plaintiff makes the following allegations. Plaintiff is a five year old child disabled at birth due to anoxic brain injury secondary to a failure to properly diagnose and treat prolonged fetal bradychardia (abnormally slow heart beat). Her injuries are severe, permanent and will require long term care and housing adaptable to her special needs. (Compl. ¶ 2.) Plaintiff has been a recipient of Medicaid benefits in the State of Colorado.

Cynthia Cardenas is Plaintiff's mother and court appointed conservator and trustee of the Isabelle M. Perez Disability Trust ("Trust"). (Compl. ¶ 3.) Plaintiff is the beneficiary of the Trust. (Compl. ¶ 29.) The Trust meets the requirements of both federal and state law and has been approved by the Defendants. (Compl. ¶ 30.) Pursuant to federal and state laws, the Trust has a provision that permits recovery by the Department of all medical expenditures from the Trust upon the death of the Plaintiff. (Compl. ¶ 31.)

On December 30, 2008, Plaintiff settled a personal injury case against Dr. Vadna

Jerath for her injuries in an amount that is under seal with the Jefferson County, Colorado District Court in case no. 08-PR-846. At that time, Plaintiff's recovery was placed into the Trust upon the order of the Jefferson County District Court. (Compl. ¶ 32.) The Jefferson County District Court's December 30, 2008 order stated that the Defendants had outstanding claims for additional outlays which would require "subsequent resolution." (Compl. ¶ 35.)

Pursuant to an agreement with the conservator and Defendants, and approved by the Jefferson County District Court, the Defendants were paid $100,000 for past medical care provided to Plaintiff prior to the December 30, 2008 settlement. Defendants then released Dr. Jerath, the conservator and her legal representative from any further liability with respect to the claim against Dr. Jerath. Pursuant to Colorado law, the release specified that the Defendants would continue to pursue any claim they had against the conservator in her action against St. Anthony North Hospital. (Compl. ¶¶ 33-34.)

On or about April 27, 2009, Plaintiff reached a confidential settlement with St. Anthony North Hospital. Defendants have objected to the settlement and request that the lien be paid in full prior to the approval of the settlement. (Compl. ¶¶ 36-37.) On July 15, 2009, Plaintiff filed the instant action.

III. STANDARD OF REVIEW

In ruling on a Motion to Dismiss pursuant to 12(b)(6), the standard used to be that the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of*

*Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). Thus, until a few years ago, a dismissal was only warranted where "it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *The Ridge at Red Hawk, L.L.C. v. Schneider*, 2007 WL 1969681 at *3 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "However, the Supreme Court recently decided that 'this observation has earned its retirement,' and it has prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)). "The Court explained that a plaintiff must 'nudge [][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.* (quoting *Twombly*, 127 S.Ct. at 1974). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.*

However, the scope of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is not limited to cases where a plaintiff fails to plead sufficient, plausible facts to state a claim. A claim may also be dismissed "because it asserts a legal theory not cognizable as a matter of law . . . ." *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).

IV.  ANALYSIS

Plaintiff's Complaint sets forth three federal statutes as grounds for her claims asserted under 42 U.S.C. § 1983: (1) 42 U.S.C. § 1396p(d)(4)(A); (2) 42 U.S.C. § 1396p(a)(1); and (3) 42 U.S.C. § 1396p(b)(1).  In the motion to dismiss, the Defendants argue that none of these statutes confers rights enforceable under § 1983.  I address whether each statute at issue provides Plaintiff with a right of action cognizable under § 1983.

   A.   42 U.S.C. § 1983

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.  The Supreme Court has held that § 1983 does not create substantive rights.  *Maher v. Gagne*, 448 U.S. 122, 129 n. 11, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).  A plaintiff cannot prevail in an action brought under § 1983 without establishing an underlying violation of federal law.  *Collins v. City of Harker Heights*, 503 U.S. 115, 119, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).  "Section 1983 itself contains

no state-of-mind requirement independent of that necessary to state a violation of the underlying federal right." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (internal quotations omitted).

The Tenth Circuit has recognized that some statutory rights may be enforced via § 1983." *Hobbs v. Zenderman*, 579 F.3d 1171, 1179 (10th Cir. 2009) (citing *Gonzaga v. Doe* 536 U.S. 273, 279, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002)). In *Gonzaga*, the Supreme Court instructed that the primary inquiry in determining whether a statute will support a claim under § 1983 is whether "Congress intended to confer individual rights upon a class of beneficiaries." *Gonzaga*, 536 U.S. at 285. Courts examine three factors in making this determination:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so vague and amorphous that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.

*Blessing v. Freestone*, 520 U.S. 329, 340-41, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997) (quotation omitted). A statute embodies congressional intent to benefit the plaintiff only if it is "phrased in terms of the persons benefitted." *Gonzaga*, 536 U.S. at 284, 122 S.Ct. 2268.

> 1. Whether 42 U.S.C. § 1396p(d)(4)(A) Provides Plaintiff With a Right of Action Cognizable Under § 1983

Plaintiff seeks enforcement of 42 U.S.C. §§ 1396p(d)(4)(A) of the Social Security Act. Applying the *Blessing* factors, the Tenth Circuit recently determined that a claim

asserted under § 1396p(d)(4)(A) "cannot support a § 1983 claim because it does not ambiguously impose a binding obligation on the State." *Hobbs*, 579 F.3d at 1179 (internal quotation omitted). Accordingly, guided by the *Hobbs* Court's detailed analysis and reasoning, I find that Plaintiff's § 1983 claim asserted under § 1396p(d)(4)(A) is properly dismissed because it asserts a legal theory not cognizable as a matter of law.

        2.        <u>Whether 42 U.S.C. §§ 1396p(a)(1) and 1396p(b)(1) Provide Plaintiff With a Right of Action Cognizable Under § 1983</u>

The Social Security Act's anti-lien provision, § 1396p(a)(1), provides that "[n]o lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan . . . ." 42 U.S.C. § 1396p(a)(1). The Social Security Act's anti-recovery provision, § 1396p(b)(1), provides that "[n]o adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made . . . ." 42 U.S.C. § 1396p(b)(1).

Turning to my analysis, I note that the *Hobbs* Court did not address these particular statutory provisions nor could I find any controlling authority with respect to whether these statutes provide Plaintiff with a cognizable right of action under § 1983. However, applying the *Blessing* factors to the language of both §§ 1396p(a)(1) and 1396p(b)(1), I find that they contemplate the protection of an "individual," making it clear that Congress intended to benefit individual medical assistance recipients such as Plaintiff. *Blessing*, 520 U.S. at 340. Based on my review of the statutory language, I do not find that the created rights are "so vague and amorphous that enforcement would

strain judicial competence." *Id.* at 340-41. I further find that the language "no lien may be imposed" and "no adjustment or recovery . . . may be made" indicates a mandatory or binding obligation. §§ 1396p(a)(1) and 1396p(b)(1). Thus, I find that §§ 1396p(a)(1) and 1396p(b)(1) provide Plaintiff with a cognizable action under § 1983. Accordingly, the motion to dismiss with respect to these claims is denied.

V. CONCLUSION

Based on the foregoing, it is

ORDERED that Defendants' Motion to Dismiss Plaintiff's Claims Brought Under 42 U.S.C. § 1983 (docket #16) is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that Plaintiff's § 1983 claim asserted under § 1396p(d)(4)(A) is **DISMISSED**. The motion is **DENIED** in all other respects.

Dated: April 12, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge