**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-01681-WJM-MEH

ISABELLE PÉREZ, a minor, by and through her mother and conservator, Cynthia Cardenas,

    Plaintiff,

v.

JOAN HENNEBERRY, in her individual capacity and official capacity as the Executive Director of the Colorado Department of Health Care Policy and Financing, and
GARY H. ASHBY, in his individual capacity and official capacity as Manager of the Benefits Coordination Section in the Colorado Department of Health Care Policy and Financing,

    Defendants.

---

**ORDER**

---

This is a declaratory action in which Plaintiff seeks, among other things, a declaration of her rights under certain provisions in the federal Medicaid statutes. The matter is before the Court on Defendants' Motion Under Fed. R. Evid. 702.[1] The Court has jurisdiction under 28 U.S.C. § 1331.

**I.    LEGAL STANDARD**

Ordinarily, a district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004). Admission of expert testimony is governed by Rule 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is

---

[1](ECF No. 104.)

> based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The court generally has significant discretion in determining whether to admit expert testimony and that discretion is significantly broader when the case will be tried to the court rather than a jury. *See Attorney General of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769 (10th Cir. 2009) (holding appeals court's scope of review is "quite narrow" when considering whether a district court properly admitted expert testimony in a bench trial).

## II.   DISCUSSION

This case is scheduled for a three day bench trial commencing June 20, 2011. Defendants move to exclude the testimony of two experts that will be proffered by Plaintiff at that trial. The Court addresses the admissibility of each experts' testimony in turn.

**A.   Plaintiff's Proposed Expert Sylvius H. Von Saucken**

Plaintiff retained attorney Sylvius Von Saucken to prepare a report "intended to assist this Court to determine the appropriate methodology by which recovery may occur in this case."[2] Among other things, Von Saucken has studied the United States Supreme Court case *Dep't of Health and Human Servs v. Ahlborn*, 547 U.S. 268 (2006) and subsequent lower court opinions interpreting and applying the *Ahlborn* opinion. Based on this research, Von Saucken has set forth four possible methodologies for allocating the settlement at issue in this case that, in his opinion, would be consistent with federal law.

Defendants move to exclude three portions of Von Saucken's testimony.

---

[2] (ECF No. 110 at 3.)

### 1. Opinion on Recovery from Settlement Proceeds Intended to Compensate for Future Medical Expenses

Defendants move to exclude Von Saucken's opinion as to whether *Alborn* prohibits recovery out of the portion of the settlement allocated to Plaintiff's future medical expenses.[3] In ruling on the parties' cross-motions for summary judgment, the Court held that Defendants "may seek reimbursement for its past medical expenses from funds allocated to 'medical expenses,' regardless of whether those funds are allocated to past or future medical expenses."[4] Because the Court has determined that Defendants are entitled to recover out of the portion of the settlement intended to reimburse Plaintiff for future medical expenses, there is no need to offer evidence on this issue at trial and Defendants' Motion to exclude this testimony is DENIED AS MOOT.

### 2. Opinion on Whether Colorado's Third-Party Recovery Statute Violates Federal Law

Defendants also move to exclude Von Saucken's opinion as to whether the Colorado third party liability recovery statute violates federal law.[5] In ruling on the cross-motions for summary judgment, the Court held that Colorado's recovery statute does not violate federal law.[6] Thus, there is no need to offer evidence on this issue at trial and Defendants' Motion to exclude this testimony is DENIED AS MOOT.

---

[3] (ECF No. 104 at 3.)

[4] (ECF No. 112 at 14.)

[5] (ECF No. 104 at 4.)

[6] (ECF No. 112 at 11.)

### 3. Opinion on Methodologies for Allocating Settlement Proceeds that would be Acceptable under Federal Law

Defendants move to exclude Von Saucken's testimony about the impact of the *Ahlborn* case and his proffered methodologies for settlement allocation that would comply with federal law. Defendants argue that Von Saucken's testimony would invade the province of the Court as it relates to a purely legal issue.[7] Plaintiff argues that Von Saucken "was not retained to regurgitate case law but rather to provide specific methodologies whereby an actual claim could be resolved consistent with *Ahlborn*."[8]

The Tenth Circuit has held that the central concern in addressing the admissibility of evidence under Rule 702 is whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988). Even if it would assist the trier of fact, however, expert testimony must be excluded if it would "encroach[] on the trial court's authority to instruct the jury on the applicable law, for it is axiomatic that the judge is the sole arbiter of the law and its applicability." Id.

In this case, the Court is both the "sole arbiter of the law" and the trier of fact. Following trial, the Court will ultimately have to make a factual finding as to how the settlement proceeds should be allocated between medical expenses (past and future) and other categories of damages.[9] In doing so, the Court will have to consider that the

---

[7] (ECF No. 104 at 4.)

[8] (ECF No. 110 at 2.)

[9] This assumes, of course, that the Court finds that there was no prior agreement as to whether the settlement proceeds (or what portion of the settlement proceeds) should be used to pay the lien. As noted in the Court's April 26, 2011 Order, there is a disputed question of fact as to whether the parties entered into an agreement about the payment of the lien out of the settlement proceeds. (ECF No. 112.)

Colorado statute allows Defendants to collect on their lien to "the fullest extent allowed by federal law". C.R.S. § 25.5-4-301(5)(a).

Von Saucken proposes to testify not only on the current status of federal law—as set forth in *Ahlborn* and subsequently applied by lower courts—but also regarding his opinion as to various methodologies for allocating settlement proceeds that would be consistent with federal law. The Court finds that Von Saucken's testimony is not a pure legal issue and that it <u>could</u> assist the Court (as the trier of fact) in determining an allocation of the settlement proceeds in this case that complies with federal law.

The Court is mindful of the fact that Von Saucken's testimony could ultimately prove unpersuasive. The Court is cognizant of the fact that any opinion that draws a legal conclusion is inadmissible. *See Specht*, 853 F.2d at 808. However, the Court's "gate-keeping" function under Rule 702 is less important because this is a bench trial and "the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise." *Atty. Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009). While the standards governing admissibility must be met, "a judge conducting a bench trial maintains greater leeway in admitting questionable evidence, weighing its persuasive value upon presentation." *Id.* at 780; *see also Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 635 (6th Cir. 2000) (explaining that "district courts conducting bench trials have substantial flexibility in admitting proffered expert testimony at the front end, and then deciding for themselves during the course of trial whether the evidence . . . deserves to be credited").

The Court may ultimately disregard some of Von Saucken's testimony, but the appropriate time to make that determination is after having heard the evidence (including Defendants' cross-examination of Von Saucken) at trial. *See Tyson Foods, Inc.*, 565 F.3d

5

at 780 (10th Cir. 2009) (district court did not abuse its discretion by admitting evidence during a bench trial and then later finding it unreliable and not giving it substantial weight). Accordingly, Defendants' Motion to exclude Von Saucken's testimony regarding methodologies for allocating settlement proceeds is DENIED.

### B.     Plaintiff's Proposed Expert Helen Woodward

During the underlying personal injury lawsuit, Plaintiff retained expert Helen Woodward to prepare a life plan for the disabled child in this case. The life plan included an estimate of the cost of future medical expenses for the child.

Defendants move to exclude Woodward's testimony on the basis of relevance.[10] In opposition to the motion, Plaintiff argues that the life care plan is relevant "on the issue of what the settlement was designed to cover and why the case settled for what it did."[11] As previously noted, the Court has held that Defendants are entitled to recover up to the full value of their lien from the portion of the settlement proceeds intended to compensate Plaintiff for her past and <u>future</u> medical expenses.[12] Given this ruling, how the parties to the settlement valued Plaintiff's future medical expenses may be highly relevant to the Court's determination of how the settlement should be allocated. Thus, Defendants' Motion to exclude the testimony of expert Helen Woodward is DENIED.

### III.     CONCLUSION

First, the Court concludes that its ruling on the cross-motions for summary judgment mooted the instant motion to the extent it sought to exclude the testimony of expert Von Saucken as to whether Colorado's recovery statute violates federal law and whether

---

[10]  (ECF No. 104 at 5.)

[11]  (ECF No. 110 at 5.)

[12]  (ECF No. 112 at 14.)

6

Defendants are entitled to recover out of the portion of settlement proceeds intended to compensate Plaintiff for future medical expenses.

Second, the Court concludes that Von Saucken's testimony about methodologies for allocating settlement proceeds that would be consistent with federal law is admissible under Rule 702 as it may assist the trier of fact in determining a fact in issue.

Finally, the Court concludes that, given its ruling that Defendants may recover out of the portion of settlement proceeds intended to compensate Plaintiff for future medical expenses, expert Helen Woodward's testimony—including the life plan prepared for the underlying litigation—is relevant.

Given these conclusions, Defendants' Motion Under Fed. R. Evid. 702 (ECF No. 104) is DENIED.

Dated this 5th day of May, 2011.

BY THE COURT:

William J. Martínez
United States District Judge